

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print                                   Logon

**13BB-AC00099 - DAN O DONNELL SR V FINANCIAL RECOVERY SERVICES INC**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending     Display Options: All Entries

| | |
|---|---|
| 02/19/2013 | **Summons Issued-Associate** |
| | Document ID: 13-ADSM-174, for FINANCIAL RECOVERY SERVICES INC. Summons to Attorney for service by Special Process Server. kg |
| | **Return Scheduled** |
| | Scheduled For: 03/20/2013; 10:00 AM ; RICHARD L SCHEIBE; Warren |
| 02/15/2013 | **Confid Filing Info Sheet Filed** |
| | Filed By: JAMES W EASON |
| | **Order - Special Process Server** |
| | So Ordered. RLS/kg |
| | **Motion Special Process Server** |
| | Filed By: JAMES W EASON |
| | **Pet Filed in Associate Ct** |
| | **Judge Assigned** |

Case.net Version 5.13.1.1              Return to Top of Page              Released 02/21/2013



## IN THE 12TH JUDICIAL CIRCUIT COURT, WARREN COUNTY, MISSOURI

| Judge or Division: | Case Number: 13BB-AC00099 |
|---|---|
| RICHARD L SCHEIBE | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address: |
| DANIEL T ODONNELL | JAMES W EASON |
|  | 1 NORTH TAYLOR AVE |
| vs. | SAINT LOUIS, MO 63108 |
| Defendant/Respondent: | Date, Time and Location of Court Appearance: |
| FINANCIAL RECOVERY SERVICES INC | 20-MAR-2013, 10:00 AM |
| Nature of Suit: | DIVISION 2 COURTROOM |
| AC Other Tort | 104 WEST MAIN STREET |
|  | WARRENTON, MO 63383 |

(Date File Stamp)

### Associate Division Summons

The State of Missouri to: **FINANCIAL RECOVERY SERVICES INC**
Alias:

CO CT CORPORATION
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

2/19/2013      Brenda Eggering By
Date                                Clerk

*WARREN COUNTY*

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                          _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)    My commission expires: _____   _____
                                        Date                Notary Public

**Sheriff's Fees, if applicable**
Summons                              $_____
Non Est                              $_____
Sheriff's Deputy Salary
Supplemental Surcharge               $  10.00
Mileage                              $_____ (_____ miles @ $_____ per mile)
Total                                $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**SERVICE COPY**

OSCA (7-09) SM20 (ADSM) *For Court Use Only:* Document ID# 13-ADSM-174       1       517.041 RSMo

IN THE CIRCUIT COURT
WARREN COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

STATE OF MISSOURI
In Circuit Court
FILED

FEB 1 5 2013

Brenda Eggering
Circuit Clerk
Warren County

DAN O' DONNELL, SR.

Plaintiff,

v.

FINANCIAL RECOVERY SERVICES, INC.

Defendant.

Serve at:
CT Corporation
120 South Central Avenue
Clayton, Missouri 63105

Cause No. 13BB-AC00099
Division

JURY TRIAL DEMANDED

## PETITION

COMES NOW, Plaintiff, Dan O' Donnell, Sr., and for his Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

3. Plaintiff demands a jury trial on all issues so triable.

### JURISDICTION

4. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

5. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

### PARTIES

1

6. Plaintiff is a natural person currently residing in Warren County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

7. Defendant is a Minnesota corporation registered as a foreign corporation in the state of Missouri. The principal business purpose of Defendants is the collection of debts, and Defendants regularly attempt to collect debts alleged to be due another in Missouri and nationwide.

8. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants are "debt collectors" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

9. Defendant's collection activity began within the past twelve (12) months.

10. Defendant's collection activity consisted of numerous telephone calls to Plaintiff's cellular telephone and at least one initial collection letter.

11. Plaintiff placed a call to Defendant on or about February 5, 2013, after receiving a voice message from Defendant.

12. During this call, Plaintiff requested that Defendant stop calling him on his cell phone.

13. During this call, Defendant stated that they were collecting on multiple accounts.

14. Upon information and belief, Defendant has only sent one letter regarding one account.

15. Upon information and belief, Defendant has called and continues to call Plaintiff's cellular telephone multiple times per week, and sometimes multiple times per day.

16. Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 USC 227(a)(1), from the phone number that is registered to the Defendant.

2

17. Those phone calls were made to Plaintiff's cellular phone and he was charged for these phone calls.

18. Due to the fact that Defendant calls Plaintiff from multiple numbers, some of which are blocked by caller identification services, it is impossible for Plaintiff to ascertain the precise number of calls at this time.

19. Plaintiff never entered into any agreement whereby he provided express consent for Defendant to place calls to his cellular phone with Defendant's automatic telephone dialing system.

20. Plaintiff never entered into any agreement whereby he consented to arbitrate disputes between herself and Defendant.

21. During the phone call, Defendant was rude and combative with Plaintiff.

22. During the phone call after Plaintiff had expressed his right not to be contacted on his cell phone, Defendant asked Plaintiff about his "moral obligation" to repay the debt.

23. This statement was made solely with the intention to harass and abuse Plaintiff.

24. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular phone charges, anxiety, sleeplessness, and worry.

## COUNT I: VIOLATION OF THE FDCPA

25. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

26. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a. Causing a telephone to ring repeatedly with the intent to annoy, abuse, or harass any person at the called number. 15 USC 1692d;

b. Causing charges to be made to the consumer by concealment. 15 USC § 1692d;

3

  c. Failure to send an initial communication on one of the debts being collected by the Defendant. 15 USC 1692g;

  d. Engaging in conduct where the natural consequence of which is to harass, oppress and abuse Plaintiff. 15 USC 1692d.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

  A. Declaratory judgment that Defendant's conduct violated the FDCPA;

  B. Actual damages;

  C. Release of the alleged debt;

  D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

  E. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 20.

28. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

  a. By placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

  A. Declaratory judgment that Defendant's conduct violated the TCPA;

  B. Actual damages;

  C. Statutory damages pursuant to 47 USC (b)(3); and

  D. For such other relief as the Court may deem just and proper.

THE EASON LAW FIRM, LLC

_____
JAMES W. EASON, #57112
RICK A. VOYTAS, #52046
THE EASON LAW FIRM, LLC
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:    (314) 667-3161

5